UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Eddie Lee Johnson,                                                                 Case No. 3:25-cv-1118

          Plaintiff,

   v.                                                                             MEMORANDUM OPINION
                                                                                        AND ORDER

Marion Correctional Institution (Commissary),

          Defendant.

## I.     INTRODUCTION

*Pro se* plaintiff Eddie Lee Johnson, currently incarcerated at Marion Correctional Institution ("MCI"), filed this civil rights action against the Marion Correctional Institution (Commissary) alleging an unfair distribution of inmate funds. (Doc. No. 1). For the following reasons, I dismiss this action.

## II.     BACKGROUND

Plaintiff's brief complaint claims that MCI's Commissary unfairly distributes inmates' funds. (*Id.* at 3).  Plaintiff states that when he uses the commissary every month, he is charged a tax on his purchases.  (*Id.*).  He claims that the commissary taxes only those individuals "with money," and "if you don't have [anything] but your state pay, you don't have to [pay] taxes."  (*Id.* at 4).  Plaintiff alleges this "unfair distribution" is unconstitutional.  (*Id.* at 3).  He requests reimbursement from the commissary, and he requests that the court review the "inmate taxing system" and return all taxes taken from inmate accounts.  (*Id.* at 5).

### III.    STANDARD

*Pro se* complaints are generally liberally construed and held to more lenient standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), but the lenient treatment generally accorded *pro se* pleadings "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted).  *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or construct claims on their behalf.  *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  The standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), for determining a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) governs dismissal for failure to state a claim under § 1915(e)(2)(B).  *Hill*, 630 F.3d at 471.  To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Id.*  The allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations . . . are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

### IV.    ANALYSIS

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the constitution by a person acting under color of state law.  *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

As an initial matter, state prisons like MCI are not a "person" within the meaning of § 1983 and, therefore, they are not capable of being sued. *See, e.g., Smith v. Trumbull Corr. Inst.*, No. 4:23 CV 355, 2023 WL 2664294, at *2 (N.D. Ohio Mar. 28, 2023) (citing cases).

Moreover, MCI, including its commissary, is a prison facility operated by the Ohio Department of Rehabilitation and Correction ("ODRC"). ODRC is an agency of the State of Ohio and immune from suit pursuant to the Eleventh Amendment, because the State of Ohio has not waived its sovereign immunity or consented to be sued in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-67, 71 (1989); *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999).

Because Defendant is not *sui juris* and the ODRC is immune from suit, Plaintiff fails to state a plausible § 1983 claim upon which relief can be granted, and this action is dismissed pursuant to Section 1915A.

Additionally, even if Plaintiff had named a proper party, Plaintiff's claim would fail. While *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers,. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008), the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *see also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (all complaints must contain either direct or inferential allegations respecting all material elements of some viable legal theory to satisfy federal notice pleading requirements) (citations omitted).

Here, Plaintiff's complaint, even liberally construed, fails to meet the most basic pleading standard, as his pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Plaintiff's mere assertion that he is "suing for violation of certain constitutional rights: unfair distribution of inmates funds," (Doc. No. 1 at 3), is insufficient. *See Poole v. Stubblefield*, No. 4:05-CV-1005-TCM, 2005 WL 2290450, *5 (E.D. Mo 2005) ("Plaintiff has no constitutionally protected interest in commissary privileges or commissary prices and, certainly, no legal basis for demanding that he be offered commissary items tax-free.") (citing *Bennett v. Sheahan*, 1999 U.S. Dist. LEXIS 16339, 1999 WL 967534 *4 (N.D. Ill. 1999) (*sua sponte* dismissing a prisoner's challenge to taxes on the prison's commissary items)). Plaintiff fails to state a plausible claim for relief.

### IV.    CONCLUSION

For the reasons stated above, I dismiss this action pursuant to 28 U.S.C. § 1915A. Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

4